State, *ex rel.* George W. Pryor, v. T. F. Hobbs, Chairman *et al.,* as Board of Public Inst. Okaloosa Co., *et al.*

158 So. 434.
Division B.
Opinion Filed January 5, 1935.

*Clyde W. Atkinson* and *Gregory W. Towles,* for Relator; *Purl G. Adams,* for Respondent.

Buford, J.—This cause is before us on motion for peremptory writ of mandamus the answer and return of respondents to the amended alternative writ notwithstanding. The amended alternative writ commands:

"Now THEREFORE, We being willing that full and speedy justice shall be done in the premises, do command you, T. F. Hobbs, chairman, H. L. Hilton and Ed J. Freidland, as and constituting the Board of Public Instruction of Okaloosa County, Florida, to make provision of your budget and estimate for the next ensuing scholastic year for the raising of any and all moneys and/or funds necessary to pay relator's said final judgment together with the legal interest thereon;

"That you, Mallory B. Barrow, as County Superintendent of Public Instruction of Okaloosa County, Florida, execute, sign, certify and deliver all papers, certificates and resolutions required by law by you to be executed, signed, certified and delivered in the performance of the duties herein required;

"That you, and each of you, as respondents herein named, do perform all acts required under the law necessary in the carrying out of the duties herein required; or, that you and each of you appear before our Supreme Court within and for the State of Florida, at the Court Room in the City of Tallahassee, the capital, on the first day of May, A. D. 1934, at ten o'clock of the morning of that day and show cause why you refuse to do so."

The facts alleged by the alternative writ and admitted by the answer and return are that relator was employed as a teacher in the public schools of Okaloosa County and served under such employment. That he was not paid for his services. That he filed suit against the Board of Public Instruction of that County and recovered judgment in the Circuit Court for the sum of $4,403.41, with interests and costs. That respondents failed to pay the said judgment and have made no provision for. the payment of the same.

The return attempts to offer as an excuse or reason for not providing for the payment of relator's claim many

other demands on the available resources which will exhaust the same so there will be nothing left with which to pay relator.

The payment of salaries of teachers should be deemed the first duty of Boards of Education and these should be paid in preference to any other claims against the funds raised and appropriated for the maintenance of public free schools. Teachers constitute the first requirement for the conducting of a school. Most of our public school teachers have no means of livelihood except the meager salaries which they receive for their services as such. It is the duty of Boards of Public Instruction to include in subsequent budgets indebtedness lawfully incurred and not paid in a current year. See Okaloosa County v. Kennedy, 109 Fla. 153, 147 Sou. 250, and cases there cited.

The answer and return presents no defense and is held insufficient.

The peremptory writ should issue without prejudice, however, to the respondents applying to this Court for an order to spread the required payment so as to include it in the budgets for two or more years, if it should appear needful to do so.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.